# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| HASTINGS MUTUAL INSURANCE COMPANY,<br>    Plaintiff,<br><br>    v.<br><br>GSI GROUP, LLC and ILLINOIS GRAIN AND SEED, INC.,<br>    Defendants. | CAUSE NO.: 4:19-CV-47-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant The GSI Group, LLC ("GSI Group") invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, GSI Group has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Hastings Mutual Insurance Company and Defendants, GSI Group and Illinois Grain and Seed, Inc., must be citizens of different states, and the amount in controversy must be more than $75,000. GSI Group has alleged a sufficient amount in controversy. GSI Group has also sufficiently alleged the citizenship of both defendants. However, the allegations are insufficient as to the citizenship of Plaintiff.

The Notice of Removal alleges that Plaintiff is "a mutual property and casualty insurance company domiciled in the State of Michigan, with a principal place of business in the State of Michigan. Hastings Mutual is now, was at the commencement of this action, and has been at all relevant times a citizen of the State of Michigan." (Notice of Removal ¶2, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship.

GSI Group's allegations about Plaintiff's citizenship are unclear as to whether it is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company. This distinction is important because for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). The Seventh Circuit has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation and the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)). If Plaintiff is a corporation it is thus not enough to allege the state of its principal place of business and the state of its *domicile*, rather than its state of incorporation.

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.

1998). Therefore, if Plaintiff is actually a limited liability company, the Court must be advised of the identity of each of its members and advised of each member's citizenship. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, GSI Group must first allege whether Plaintiff is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company or another form of business entity. GSI Group must then sufficiently allege Plaintiff's citizenship as outlined above. Therefore, the Court **ORDERS** GSI Group to **FILE**, on or before **June 14, 2019**, a supplemental jurisdictional statement that properly alleges Plaintiff's citizenship as stated above.

So ORDERED this 31st day of May, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT